UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD HERNANDEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | No. 4:18-cv-01588<br>Jury |
| HELIX ENERGY SOLUTIONS GROUP, INC., | § § § § | |
| *Defendant*. | § | |

**PLAINTIFF GERALD HERNANDEZ'S**
**OPPOSED MOTION FOR CLASS CERTIFICATION & EXPEDITED DISCOVERY**

MELISSA MOORE
State Bar No. 24013189
Federal Id. No. 25122

CURT HESSE
State Bar No. 24065414
Federal Id. No. 968465

BRIDGET DAVIDSON
State Bar No. 24096858
Federal Id. No. 3005005

MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**
**GERALD HERNANDEZ**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................... ii

Table of Authorities ..................................................................................................... iii

    I.  Statement of the Case ........................................................................................ 1

    II.  Definition of Class ............................................................................................ 2

    III.  Description of Claim ........................................................................................ 2

        A.  Statement of Facts .................................................................................. 2

        B.  Defendants Violated the FLSA ............................................................. 3

    IV.  Authority for Class Certification ..................................................................... 6

    V.  Prerequisites to Class Certification .................................................................. 8

    VI.  Proposed Notice ............................................................................................... 9

    VII.  Other Matters ................................................................................................ 10

    VIII.  Conclusion ................................................................................................... 10

Certificate of Conference ............................................................................................ 12

Certificate of Service .................................................................................................. 12

## TABLE OF AUTHORITIES

Cases

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946) ................................................................................................... 4

*Beliz v. McLeod*,
   765 F.2d 1317 (5th Cir. 1985) ................................................................................... 4

*Belt v. Emcare Inc.*,
   299 F. Supp. 2d 664 (E.D. Tex. 2003) ...................................................................... 7

*Castillo v. Givens, Inc.*,
   704 F.2d 181 (5th Cir. 1983) ..................................................................................... 4

*Donovan v Univ. of Tex.*,
   643 F.3d 1201 (5th Cir. 1981) ................................................................................... 7

*Dunlop v. Industrial America Corp.*,
   516 F.2d 498 (5th Cir. 1975) ..................................................................................... 5

*Flowers v. MGTI, LLC*,
   No. H-11-1235,
   2012 U.S. Dist. LEXIS 73900 (S.D. Tex. May 29, 2012) ......................................10

*Gandhi v. Dell Inc.*,
   No. A-08-CA-248,
   2009 WL 1940144 (W.D. Tex. Jul. 2, 2009) ............................................................ 8

*Gibson v. NCRC, Inc.*,
   No. H-10-1409,
   2011 U.S. Dist. LEXIS 77591 (S.D. Tex. Jul. 18, 2011) .......................................... 9

*Granchelli v. P&A Interests, Ltd.*,
   No. H-11-4514,
   2013 U.S. Dist. LEXIS 14540 (S.D. Tex. Feb. 4, 2013) ............................................1

*Halle v. Galliano Marine Serv., L.L.C.*,
   855 F.3d 290 (5th Cir. 2017) ..................................................................................... 3

*Hoffman-La Roche v. Sperling*,
   493 U.S. 165 (1989) ........................................................................................7, 9, 10

*Lee v. Veolia ES Indus. Servs.*,
  No. 1:12-cv-136,
  2013 U.S. Dist. LEXIS 74193 (E.D. Tex. Apr. 12, 2013) ......................................... 9

*Lusardi v. Xerox, Corp.*,
  118 F.R.D. 351 (D.N.J. 1987) ............................................................................... 7, 8

*Martin v. Bedell*
  955 F.2d 1029 (5th Cir. 1992) .................................................................................. 3

*McKnight v. D. Houston, Inc.*,
  756 F. Supp. 2d 794 (S.D. Tex. 2010) ..................................................................... 8

*Mooney v. Aramco Svcs. Co.*,
  54 F.3d 1207 (5th Cir. 1995) ................................................................................ 1, 8

*Murray v. Stuckey's, Inc.*,
  939 F.2d 614 (8th Cir. 1991) .................................................................................... 4

*Sedtal v. Genuine Parts Co.*,
  1:08-CV-413,
  2009 U.S. Dist. LEXIS 63261 (E.D. Tex. July 23, 2009) ........................................ 7

*Shushan v. Univ. of Colo. at Boulder*,
  132 F.R.D. 263 (D. Colo. 1990) ............................................................................... 7

*Skipper v. Superior Dairies*,
  512 F.2d 409 (5th Cir. 1979) .................................................................................... 4

**Statutes**

29 U.S.C. § 203(g) ............................................................................................................ 5

29 U.S.C. § 203(r) ............................................................................................................ 5

29 U.S.C. § 203(s)(1) ....................................................................................................... 5

29 U.S.C. § 203(s)(1)(A) .................................................................................................. 6

29 U.S.C. § 206(a) ............................................................................................................ 5

29 U.S.C. § 207(a)(1) ....................................................................................................... 4

29 U.S.C. § 211(c) ........................................................................................................ 4, 7

29 U.S.C. §§ 201-219 ................................................................................................ passim

## Rules

F<small>ED</small>. R. C<small>IV</small>. P. 23 ............................................................................................................. 1, 7

F<small>ED</small>. R. C<small>IV</small>. P. 26(b)(1) ............................................................................................... 11

## Regulations

29 C.F.R. § 516.27 ........................................................................................................ 4

29 C.F.R. § 778.112 ...................................................................................................... 6

29 C.F.R. pt. 516 ........................................................................................................4, 7

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Gerald Hernandez (referred to as "Plaintiff" or "Hernandez") and files this motion for class certification[1] and expedited discovery. In support thereof, he would respectfully show the Court as follows:

## I. Statement of the Case

Hernandez claims that Helix Energy Solutions Group, Inc. (referred to as "Helix") violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by, among other things, failing to pay him and other similarly situated employees overtime for hours worked in excess of forty (40) per workweek. (*See*, Pl.'s Compl. (Doc. 1) ¶¶ 36-57.) Three other individuals (i.e., Christopher Smith, George Sowell, and Larry Sowell) have exercised their statutory right to join this lawsuit by consenting in writing to become parties to it pursuant to 29 U.S.C. § 216(b).[2] (Smith Consent (Doc. 3) p. 1; G. Sowell Consent (Doc. 4) p. 1; L. Sowell Consent (Doc. 20) p. 1.) Helix generally denies that it is liable to Mendez and that any of the company's current or former employees are similarly situated to him. (*See generally*, Def.'s Answer (Doc. 12).) Now, however, because the evidence establishes that Hernandez is similarly situated to other current and former employees employed by Helix

---

[1] This is a collective action under 29 U.S.C. § 216(b) and not a class action under Fed. R. Civ. P. 23. However, since "most courts utilize class action terminology from Rule 23 cases[,]" Hernandez will do so here. *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

[2] "Individuals who already know about [a collective action] suit and want to join as additional plaintiffs need not wait until certification and notice to do so." *Granchelli v. P&A Interests, Ltd.*, No. H-11-4514, 2013 U.S. Dist. LEXIS 14540, at *5-*6 (S.D. Tex. Feb. 4, 2013); *see also*, *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required.").

who worked as electricians, Hernandez requests that the Court conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and authorize the issuance of notice to members of the putative class.

## II.  Definition of Class

Hernandez requests that the Court conditionally certify the following class:

> All current and former electricians who worked for Helix during the last three years and who were paid on a day-rate basis.

## III.  Description of Claim

### A.  Factual Background

Helix provides subsea construction, inspection, maintenance, repair and salvage services to customers in the offshore natural gas and oil industry.  *See generally*, Helix Energy Solutions—About Helix/What We Do, http://www.helixesg.com/about-helix/what-we-do (last visited Oct. 9, 2018).  It employs electricians, like Hernandez, who are responsible for repairing and maintaining electrical and refrigeration systems on offshore oil and gas rigs, and it pays them on a day-rate basis.  Ex. A, Hernandez Decl. (Sept. 10, 2018) ¶¶ 7, 12; Ex. D, Paystubs; Ex. E, Position Summary.  Electricians work in excess of forty (40) hours per week (usually, eighty-four (84) hours per week), and Helix admits it.  Ex. A, Hernandez Decl. (Sep. 10, 2018) ¶ 11; Ex. B, G. Sowell Decl. (Sep. 10, 2018) ¶ 11; Ex. C, Smith Decl. (Oct. 15, 2018) ¶ 11.  (*See*, Def.'s Answer (Doc. 12) ¶ 25.)  They, though, do not receive any overtime—they get the same amount of money for each day of work regardless of the number of hours actually worked in a day or week.  Ex. A, Hernandez Decl. (Sep. 10, 2018) ¶ 12; Ex. B, G. Sowell Decl.

(Sep. 10, 2018) ¶ 12; Ex. C, Smith Decl. (Oct. 15, 2018) ¶ 12; Ex. D, Paystubs; Ex. E, Position Summary. Electricians are not exempt from the overtime requirements of the FLSA. 29 C.F.R. § 541.3(a) ("Thus, for example, non-management production-line employees and non-management employees in maintenance, construction and similar occupations such as … electricians[] … are entitled to minimum wage and overtime premium pay under the Fair Labor Standards Act, and are not exempt … no matter how highly paid they might be.").

B.  Helix Violated the FLSA

The FLSA requires covered employers to pay nonexempt employees at not less than the minimum wage for all hours worked and at one and one-half times their regular rates for all hours worked in excess of forty during a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1). It also requires employers to maintain certain records to document compliance with the minimum wage and overtime requirements of the Act.[3,4] 29 U.S.C. § 211(c); 29 C.F.R. pt.

---

[3] Specifically, an employer must maintain the following records: (1) the employee's personal identifying information and (2) essential wage and hour information (i.e., pay period and date of payment, basic pay rate, daily and weekly hours, straight time and overtime earnings, additions to and deductions from wages, and total wages paid each pay period). 29 C.F.R. § 516.27.

[4] In cases where the employer fails to discharge its duty to maintain accurate time records as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.27, the burden of proof shifts from the employee to the employer. "In such a situation … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Beliz v. McLeod*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Castillo v. Givens, Inc.*, 704 F.2d 181, 194-95 (5th Cir. 1983); *Skipper v. Superior Dairies*, 512 F.2d 409, 419-20 (5th Cir. 1979). The employer cannot be heard to complain about the imprecision of the employee's proof, since it was the employer's failure to maintain complete and accurate pay and time records that made the relaxed burden of proof necessary, and the employee should not be penalized by this default on the part of the employer. *Mt. Clemens Pottery Co.*, 328 U.S. at 680.

516. To establish a prima facie violation of the FLSA, a plaintiff generally must show (1) the existence of an employment relationship with the defendants; (2) that the employee was covered by the FLSA; (3) that the employer had actual or constructive knowledge of overtime worked or wage payments in violation of the FLSA; and (4) the amount owed.[5] 29 U.S.C. §§ 203(g), 206(a), 207(a); *Mt. Clemens Pottery Co.*, 328 U.S. at 687; *Murray v. Stuckey's, Inc.*, 939 F.2d 614, 621 (8th Cir. 1991).

Helix has admitted that it employed Hernandez. (Def.'s Answer (Doc. 12) ¶¶ 8, 12.) With respect to the second element, there are two types of coverage under the FLSA: individual coverage and enterprise coverage. *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 500-501 (5th Cir. 1975). On the one hand, an employee is individually covered where he is "engaged in commerce or in the production of goods for commerce"; on the other hand, all of the employees of an "enterprise" are covered (regardless of whether they are individually engaged in commerce) if the statutory requirements are met. *Id.*; *see also*, 29 U.S.C. §§ 206(a), 207(a). The FLSA defines "enterprise" as follows:

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements[.]

29 U.S.C. § 203(r). Section 203(s)(1) provides that such an enterprise

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise

---

[5] The amount owed is subject to the burden-shifting principles discussed in *supra* note 4.

> working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

29 U.S.C. § 203(s)(1)(A). Helix has judicially admitted that its gross revenues exceeded $500,000.[6] (Def.'s Answer (Doc. 12) ¶ 23.) Helix further admits that it has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in commerce. (Def.'s Answer (Doc. 12) ¶ 22.) Accordingly, Hernandez and the other electricians were covered by the FLSA.

With respect to the final two elements, Helix's pay practices plainly violate the FLSA. Pay period after pay period, Hernandez and other electricians worked twelve (12) or more hours per shift, seven (7) days per week but were paid a fixed sum for each day worked. In other words, they were not paid a statutory overtime premium for the hours they worked over forty (40) in a workweek in violation of 29 U.S.C. § 207(a). Ex. A, Hernandez Decl. (Sep. 10, 2018) ¶ 13; Ex. B, G. Sowell Decl. (Sep. 10, 2018) ¶ 13; Ex. C, Smith Decl. (Oct. 15, 2018) ¶ 13; Ex. D, Paystubs; Ex. E, Position Summary. Failing to pay a premium for hours worked over forty (40) in a workweek means that Helix employees did not receive overtime to which they were lawfully entitled. 29 C.F.R. § 778.112 (day-rate workers entitled to overtime).

---

[6] A judicial admission—i.e., "a formal concession in the pleadings" of a fact "that has the effect of withdrawing [the] fact from contention[]"—"is conclusive[.]" *Mares v. Wood Group Mustang, Inc.*, No. H-14-089, 2015 U.S. Dist. LEXIS 1018, at *5 (S.D. Tex. Jan. 6, 2015) (Rosenthal, J.) (quoting *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001)).

Lastly, Helix violated the FLSA's recordkeeping requirements. *See generally*, 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

### IV.  Authority for Class Certification

The FLSA expressly allows a collective action to "be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "A collective action [under the FLSA] is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure.  But, it is different from a class action in that absent class members do not share in the recovery (and are not bound by the judgment) unless they specifically opt into the class upon receiving notice of the action." *Sedtal v. Genuine Parts Co.*, No. 1:08-CV-413, 2009 U.S. Dist. LEXIS 63261, at *4–*5 (E.D. Tex. July 23, 2009) (citing *Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003)) (internal citation omitted).  A collective action "prevents piecemeal litigation, inconsistent adjudications, and difficult res judicata issues." *Belt*, 299 F. Supp. 2d at 655 (citing *Donovan v Univ. of Tex.*, 643 F.3d 1201, 1206-1207 (5th Cir. 1981)).

A district court may conditionally certify an FLSA collective action and authorize notice to potential class members so that they may choose whether to opt into the lawsuit if the plaintiff shows that he is "similarly situated" to those whom he purports to represent. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989). Courts recognize two approaches to determine whether to authorize notice to similarly situated employees: the two-stage method set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and the spurious class action

approach in *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990). Although the Fifth Circuit has not formally adopted either method, virtually all of the courts in this circuit use the two-stage *Lusardi* approach. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (noting that neither method has been formally adopted); *Sandoz*, 553 F.3d at 915 n.2 (observing that most cases proceed using the two-step *Lusardi* approach). Since *Lusardi* is the preferred approach, only that method will be addressed.

Under *Lusardi* and its progeny, the first stage is the "notice stage." *Mooney*, 54 F.3d at 1213-14. At the notice stage, the sole issue is whether to authorize notice to potential class members. *Id*. The Court does not consider a defendant's arguments on the merits. *Gandhi v. Dell Inc.*, No. A-08-CA-248, 2009 WL 1940144, at *34 (W.D. Tex. Jul. 2, 2009). The decision is often based only on the pleadings and affidavits of the parties. *Id*.; *see also*, *Sandoz*, 553 F.3d at 915 n.2. "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *Mooney*, 54 F.3d at 1214 (internal footnote omitted). The case then proceeds as a collective action throughout discovery. *Id*. at 1213-14. The second stage normally occurs after the parties have largely completed discovery and the defendant moves for decertification. *Sandoz*, 553 F.3d at 915 n.2. At that point, "the court must make a factual determination as to whether there are similarly-situated employees who have opted in. If so, the collective action may proceed, and if not, the court must dismiss the opt-in employees, leaving only the named plaintiff's original claims." *Id*. (internal citations omitted).

## V. Prerequisites to Class Certification

This case is at the notice stage. *Mooney*, 54 F.3d at 1213-14. To prevail, Hernandez must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved are similarly situated to him in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). As an initial matter, the declarations, Hernandez's paystubs and position summary, Helix's judicial admissions, and other evidence attached to this motion clearly establish that Hernandez and other electricians are similarly situated in terms of job duties and the pay practices applicable to them. For example, the declarations attached to this motion and Hernandez's paystubs and position summary show that the company paid him and other electricians on a day-rate basis without any overtime premium even though they normally worked more than forty (40) hours per week in violation of 29 U.S.C. § 207(a). Ex. A, Hernandez Decl. (Sept. 10, 2018) ¶¶ 11-13; Ex. B, G. Sowell Decl. (Sept. 10, 2018) ¶¶ 11-13; Ex. C, Smith Decl. (Oct. 15, 2018) ¶¶ 11-13; Ex. D, Paystubs.

The declarations further demonstrate that there are other aggrieved individuals working for Helix and that those aggrieved individuals are similarly situated to Hernandez. Ex. A, Hernandez Decl. (Sep. 10, 2018) ¶ 14; Ex. B, G. Sowell Decl. (Sep. 10, 2018) ¶ 14; Ex. C, Smith Decl. (Oct. 15, 2018) ¶ 14. On information and belief, those aggrieved individuals would be interested in joining this lawsuit if they were made aware of it and given the opportunity to do so. *Id.* at ¶ 15. *But cf.*, *Gibson*, 2011 U.S. Dist. LEXIS 77591 at *19-*21 (a

plaintiff is not required to show that others are interested in joining). Finally, and as a practical matter, permitting early notice and full participation by the putative class members "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988) Once the notice period is complete, the Court will have the advantage of knowing the composition of the collective action. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche*, 493 U.S. at 172. Therefore, the Court should certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice to putative class members.

## VI. Proposed Notice

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170. The proposed notice meets the requirements set forth in *Hoffman-La Roche* because it accurately describes the claims being made against Defendant, the prohibition against retaliation, and the procedure for joining the lawsuit. *See*, Ex. F, Parties' Proposed Notice to Potential Class Members. Plaintiff requests that the notice be sent to potential class members by first class mail and electronic mail. *See*, *Flowers v. MGTI, LLC*, No. H-11-1235, 2012 U.S. Dist. LEXIS 73900, at *14 (S.D. Tex. May 29, 2012) (notices sent by first class mail); *Jones v. Cretic Energy Servs.*, 149 F. Supp. 3d 761, 776-77 (S.D. Tex. 2015) (notice sent by electronic mail). Plaintiff also requests that the Court fix a postmark deadline for the return of consent forms of sixty days from the date

the notices are mailed. *See*, *id*. Plaintiff also requests that a reminder notice be sent thirty days of the initial notice is sent. *See*, *Jones*, 149 F. Supp. 3d at 776-77. Class counsel will oversee the implementation of notice and cover any associated costs.

## VII. Other Matters

So that notice may be timely implemented, Hernandez requests that Defendant produce verified contact information (i.e., names and last known addresses) for all electricians who worked for Helix during the last three years. Ex. G, Proposed Affidavit of Defendant's Representative(s). *See*, *Flowers*, 2012 U.S. Dist. LEXIS 73900, at *13-*14. This information is discoverable as a matter of right even in the absence of a collective action, because these other employees are persons with relevant knowledge. Fed. R. Civ. P. 26(b)(1); *Hoffman-La Roche*, 493 U.S. at 170 (discovery of names and address of similarly situated employees is permissible regardless of whether lawsuit has been certified as a collective action).

## VIII. Conclusion

At its core, this is a straightforward case of failure to pay overtime in violation of 29 U.S.C. § 207(a). And since Hernandez and those whom he seeks to represent are all victims of a single pay practice that violates the FLSA, the Court should (1) conditionally certify this case collective action pursuant to 29 U.S.C. § 216(b); (2) authorize the issuance of notice to potential class members; and (3) order Helix to produce verified contact information for all electricians who worked for Helix during the last three years so that notice may be timely implemented.

Respectfully Submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

## CERTIFICATE OF CONFERENCE

I certify that I have conferred or made a reasonable effort to confer with all other parties or their attorney(s) of record, who are listed below, about the merits of this motion with the following results:

    M. Carter Crow
    Kimberly Cheeseman
    NORTON ROSE FULBRIGHT US LLP
    Attorneys for Defendant Helix Energy Solutions Group, Inc.

- ☒ opposes the motion
- ☐ does not oppose the motion
- ☐ agrees with the motion
- ☐ would not say whether the motion is opposed
- ☐ did not return my messages regarding the motion

*/s/ Melissa Moore*
Melissa Moore

## CERTIFICATE OF SERVICE

As required by FED. R. CIV. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—which are listed below—on October 19, 2018, in accordance with FED. R. CIV. P. 5(b) as follows:

    M. Carter Crow
    Kimberly Cheeseman
    NORTON ROSE FULBRIGHT US LLP
    1301 McKinney, Suite 5100
    Houston, Texas 77010
    Attorneys for Defendant Helix Energy Solutions Group, Inc.

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ electronic means
- ☒ CM/ECF system

*/s/ Melissa Moore*
Melissa Moore