IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD HERNANDEZ, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | CIVIL ACTION NO. H-18-1588 |
| HELIX ENERGY SOLUTIONS GROUP, INC., | | |
| Defendant. | | |

**MEMORANDUM AND ORDER**

Gerald Hernandez sued Helix Energy Solutions Group, Inc., alleging a failure to pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (Docket Entry No. 1). Hernandez moves for conditional certification of a class he defines as "[a]ll current and former electricians who worked for Helix during the last three years and who were paid on a day-rate basis." (Docket Entry No. 24 at 7). Hernandez also moves for issuance of notice and expedited discovery of the contact information for the electricians who worked for Helix during the last three years. (*Id.* at 15). Although Helix's response was late, it is fully considered in this ruling. (*See* Docket Entry No. 25).

Based on the pleadings, the motion, and the applicable legal standards, the court grants the motion for conditional class certification and grants the motion for expedited discovery in part. The hearing scheduled for November 28 at 9:00 a.m. is cancelled. A pretrial conference will be held on **April 23, 2019** at 8:30 a.m. in Courtroom 11-B.

1

**I.      Background**

Helix is a corporation headquartered in Texas that provides offshore drilling construction, inspection, maintenance, repair, and salvage services to the oil and gas industry. (Docket Entry No. 1 at ¶ 11). Hernandez began working for Helix as a refrigeration mechanic in late 2008. He was later promoted to an HV electrician position and he worked for Helix until December 2017. (Docket Entry No. 1 at ¶ 12; Docket Entry No. 12 at ¶ 12). Three other individuals—Christopher Smith, George Sowell, and Larry Sowell—seek to join the lawsuit under 29 U.S.C. § 216(b). (Docket Entry Nos. 3, 4, 19).

Hernandez asserts that Helix HV electricians work on electrical and refrigeration systems on offshore oil and gas rigs and are paid on a day-rate basis. (Docket Entry No. 24 at 7). Hernandez alleges that Helix HV electricians regularly work more than 40 hours per work week, but Helix does not pay them overtime for the hours over 40. Instead, "they get the same amount of money for each day of work regardless of the number of hours actually worked in a day or week." (*Id.*).

Hernandez supports his motion with several affidavits from current and former Helix HV electricians. These affidavits describe all the electrician positions as "includ[ing] setting up and disconnecting electrical systems, repair and maintenance of the electrical and systems and equipment on the jobsite, including cords and circuits, mud pumps, control centers, and thrusters." (Docket Entry Nos. 24-1, 24-2, 24-3 at ¶ 7). The affidavits state that the HV electrician job was not classified as supervisory. (*Id.*). Hernandez states that he worked 12-hour shifts, 7 days a week, totaling 84 hours per week, but was paid a fixed sum for each day worked. (*Id.* at ¶¶ 11–12). He asserts that he never received overtime for working over 40 hours in a work week. (*Id.* at ¶ 13).

Hernandez seeks conditional certification of a class defined as "[a]ll current and former electricians who worked for Helix during the last three years and who were paid on a day-rate basis." (Docket Entry No. 24 at 7). The proposed order identifies Hernandez as the class representative and the law firm of Moore & Associates as the class counsel. (Docket Entry No. 24-8). Hernandez includes a proposed notice to Helix HV electricians that explains the purpose of the lawsuit, what happens if they choose or decline to join, and how to join. (Docket Entry No. 24-6).

Hernandez also asks the court to allow expedited discovery of contact information "for all electricians who worked for Helix during the last three years." (Docket Entry No. 24 at 15). Hernandez seeks, "in both printed hardcopy and computer readable format," the following information about individuals who worked as Helix HV electricians in the last three years:

(1) Full names;
(2) Email address;
(3) Last known mailing addresses;
(4) Social Security numbers;
(5) All known telephone numbers;
(6) Dates of employment;
(7) Location(s) of employment; and
(8) Nature of employment.

(Docket Entry No. 24-8 at 2). Hernandez also asks the court to order Helix to produce "an affidavit that is substantially the same as Exhibit [G, Docket Entry No. 26-7] . . . executed by a representative from the defendant." (*Id.*). The affidavit would be from "the person in charge of personnel records for all of the buseinss owned and/or controlled and/or operated by Helix Energy Solutions Group, Inc." and affirm that the documents provided are "a complete and accurate list of current and former HV Electricians for the past there years" with the requested personal and contact information." (Docket Entry No. 26-7). Hernandez argues that "[t]his information is discoverable as a matter of

3

right even in the absence of a collective action, because these other employees are persons with relevant knowledge." (*Id.* (citing FED. R. CIV. P. 26(b)(1))).

Helix argues that Hernandez has not met the burden for conditional certification because Hernandez does not show that there is a national class of aggrieved individuals and that Hernandez does not demonstrate similarity among the putative class members. (Docket Entry No. 25 at 6–7).

## II.     The Applicable Legal Standards

Under FLSA § 207, covered employers are required to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) provides a right of action for employees against employers who violate § 207. Similarly situated employees may "opt-in" to a lawsuit under § 207(a). Courts recognize two methods for determining whether to certify a collective action on a conditional basis or authorize notice to similarly situated employees: the spurious class action *Shushan* approach, or the two-step *Lusardi* approach. *Aguirre v. SBC Commc'ns, Inc.*, N. H-05-3198, 2006 WL 964554, at *4 (S.D. Tex. Apr. 11, 2006) (citing *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). The Fifth Circuit has not determined which method is more appropriate. *Mooney v. Armaco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995). Most courts use the *Lusardi* approach. *Aguirre*, 2006 WL 964554, at *4; *see also Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA.").

The first step of the *Lusardi* analysis, the notice stage, requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals

4

exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit. *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008). "A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Aguierre*, 2006 WL 964554, at *5 (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). A court also "has the power to modify an FLSA collective action definition on its own" if the "proposed class action definition does not encompass only 'similarly situated' employees." *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (citing *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 931–32 (5th Cir. 2005)). Because the court's decision at this first step is usually based only on the pleadings and affidavits, the standard is lenient and typically results in conditional certification. *Id.* Discovery usually has not been conducted at this stage, and courts do not review the underlying merits of the action in determining whether to grant conditional certification. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010). Some factual support for the complaint allegations of class-wide policy or practice must be shown to authorize notice. *Maynor*, 2008 WL 2220394, at *6; *see also Barron v. Henry Cty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) ("[S]ome identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency."). Courts have favored collective actions when a plaintiff can establish that common issues of law and fact exist and arise from the same alleged activity, because a collective action proceeding may "reduce litigation costs for the individual plaintiffs and create judicial efficiency." *Ryan v. Staff*

*Care, Inc.*, 497 F. Supp. 2d 820, 823 (N.D. Tex. 2007) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

Once a court conditionally certifies a class, the case proceeds as a collective action during discovery. *Aguirre*, 2006 WL 964554, at *5 (citing *Mooney*, 54 F.3d at 1214). At the second stage of the analysis, the defendant may move to "decertify" the conditionally certified class. *Id.* (citing *Mooney*, 54 F.3d at 1214). The court then must make a factual determination as to whether the employees are similarly situated; if it so finds, the collective action may proceed. *Id.* Alternatively, if the court finds that the employees are not similarly situated, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed with their individual claims. *Id.* (citing *Mooney*, 54 F.3d at 1214).

## III. Analysis

### A. Conditional Class Certification

At this notice stage, the question is whether the plaintiffs have made substantial allegations of a common compensation plan or policy that violated the FLSA. Hernandez asserts that he has alleged and presented affidavits describing Helix policies and practices that denied the proposed class members overtime compensation that they were entitled to under the FLSA. These policies and practices included refusing to pay overtime for hours worked in excess of 40 hours in a work week and failing to maintain accurate time records.

#### 1. Aggrieved Individuals Exist

At this stage, Hernandez need show only that it is reasonable to believe that there are other aggrieved employees who were subject to the allegedly unlawful policy or plan. *See Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009); *Prater v.*

*Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007). The burden at the conditional-certification stage is low. *Barajas v. Acosta*, No. H-11-3862, 2012 WL 1952261, at *3 (S.D. Tex. May 30, 2012). Hernandez has submitted affidavits and consent forms of two other Helix HV electricians, George Sowell and Christopher Smith, who allege that they were not paid overtime and state that they wish to join the class. (Docket Entry Nos. 24-2, 25-2). A third Helix HV electrician, Larry Swell, submitted a consent to become a party plaintiff, but he did not submit an affidavit. (Docket Entry No. 20).

Helix argues that the "three cursory declarations are . . . insufficient," but the case law is clear that the evidentiary burden at this state is lenient. *See Barajas*, 2012 WL 1952261 at *3. The first element is met.

### 2. The Aggrieved Individuals Are Similarly Situated to the Plaintiff

Many courts have stated that putative class members must show that they were affected by a common policy, plan, pattern, or practice to satisfy the "similarly situated" inquiry. *See, e.g., O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-cv-00085, 2006 WL 3483956, at *3 (S.D. Ohio Nov. 30, 2006) ("Plaintiffs must demonstrate that the Defendants had a common policy or plan in violation of the FLSA that negatively impacted the original and opt-in Plaintiffs."); *England*, 370 F. Supp. 2d at 507 (a court may refuse to allow plaintiffs "to proceed collectively if the action arises from circumstances purely personal to the plaintiff[s] and not from any generally applicable rule, policy, or practice"); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 95–97 (S.D.N.Y. 2003) (the plaintiff must allege a common policy or plan and show "a sufficient factual nexus between [his] situation and the situation of" the proposed class members); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1139 n. 6 (D. Nev. 1999) ("[I]n order to be similarly situated,

7

the action must not be distinct and specific to individual plaintiffs; rather, there must be some general policy or practice."). A plaintiff must present a reasonable basis for his allegation that a class of similarly situated individuals exists. *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). "[T]he 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance)[, so] . . . . a unified policy, plan, or scheme of discrimination may not be required to satisfy . . . § 216(b)." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996); *see also Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534–35 (S.D. Tex. 2008) (collecting cases).

Potential class members are considered similarly situated to the named plaintiff if they are "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan*, 497 F. Supp. 2d at 825 (citing *Dybach v. Fla. Dept. of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)). "The positions need not be identical, but they must be similar." *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-cv-01182, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (quoting *Tucker v. Labor Leasing, Inc.* 872 F. Supp. 941, 947 (M.D. Fla. 1994)). If the job duties among putative class members vary significantly, then class certification should be denied. *See, e.g., Dreyer*, 2008 WL 5204149, at *3; *Aguirre v. SBC Commc'ns, Inc.*, No. H-05-3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007).

Hernandez submitted declarations from himself, George Sowell, and Christopher Smith that describe in identical terms the Helix HV electrician positions they held. (Docket Entry Nos. 24-1–24-3 at ¶ 7). They duties were "setting up and disconnecting electrical systems, repair and maintenance of the electrical systems on the job site." (*Id.*). Each declaration explains that the job involves "manual labor." (*Id.*). Each declaration also explains that Helix HV electricians were paid

8

on a day-rate basis and did not receive overtime pay for hours worked over 40 hours per week. Hernandez included his pay stubs as an exhibit showing that his wage was based on a daily rate regardless of the number of hours worked in a week. (Docket Entry No. 24-4).

The evidence that other HV electricians with similar job responsibilities to those of Hernandez were subject to the same pay policy is sufficient to meet the threshold for conditional class certification. The second element is met.

### 3. The Aggrieved Individuals Want to Opt in to the Lawsuit

The third *Lusardi* question is whether evidence shows that other aggrieved employees would want to join the class. "[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (emphasis omitted). "Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also D'Anna v. M/A–COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995) (affidavits are advisable so an employer will "not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense"). "However, affidavits per se are not required and a named plaintiff may submit some other form of evidence that the additional aggrieved persons exist and want to join the suit." *Simmons*, 2007 WL 210008, at *9. "[A] district court 'should satisfy itself that there are other employees . . . who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay provisions.'" *Id.* (quoting *Dybach,* 942 F.2d at 1568). "It is conceivable that in certain

circumstances, such as when an employee worked for an employer for only a short period of time, it might be appropriate to permit some discovery as to the identity of other similarly situated employees," but "an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." *Parker*, 492 F. Supp. 2d at 1166, 1167 n.6.

Hernandez's declaration states that he "believe[s] that there would be others that would want to join this lawsuit if they were made aware of it and given an opportunity to join." (Docket Entry No. 24-1 at ¶ 15). The affidavits from Sowell and Smith, both Helix HV electricians, support that assertion. (Docket Entry Nos. 24-2, 24-3). George Sowell, Christopher Smith, and Larry Sowell have already filed their consents to join the class action. The third element is met.

Under the lenient *Lusardi* standard, Hernandez has shown that conditional certification should be granted and notice of a collective-action suit issued. Hernandez's motion for notice is granted for "[a]ll current and former electricians who worked for Helix during the last three years and who were paid on a day-rate basis." If sufficient evidence is not developed during discovery to show that HV electricians in the class are not similarly situated, the defendants may ask this court to decertify.

### B. Expedited Discovery

Hernandez's motion for expedited discovery is granted, but only as to the names, current or last-known mailing addresses, telephone numbers, and dates of employment of HV electricians working for Helix in the last three years. The requests for social-security numbers, email addresses, locations of employment, and nature of employment are overbroad and unsupported by the current record. *See, e.g.*, *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 521–22 (E.D.N.Y. 2011); *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011).

**IV. Conclusion**

The court grants the motion for conditional certification of a class of "[a]ll current and former electricians who worked for Helix during the last three years and who were paid on a day-rate basis." The hearing scheduled for November 28 at 9:00 a.m. is cancelled. By **December 21, 2018**, Helix must produce the names, current or last-known mailing addresses, telephone numbers, and dates of employment for these individuals. The court approves the form of notice. The notices must be mailed by **January 11, 2019**. The 90-day opt-in period ends on **April 12, 2019**. The notice must promptly be mailed to potential class members by first-class U.S. mail, with a copy sent to the defendants' counsel, and must include a notice of consent and an addressed and postage-prepaid return envelope.

A pretrial conference will be held on **April 23, 2019** at 8:30 a.m. in Courtroom 11-B.

SIGNED on November 20, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge