United States District Court
Southern District of Texas
**ENTERED**
January 08, 2019
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GERALD HERNANDEZ, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1588 |
| HELIX ENERGY SOLUTIONS GROUP, INC., | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Gerald Hernandez sued Helix Energy Solutions Group, Inc., alleging a failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Docket Entry No. 1). The court granted Hernandez's motion for conditional certification of "[a]ll current and former electricians who worked for Helix during the last three years and who were paid on a day-rate basis." (Docket Entry No. 26). The court also granted, in part, his motion for issuance of notice and expedited discovery, denying the request for production of social security numbers, email addresses, locations of employment, and nature of employment. (*Id.*). Hernandez moves for reconsideration of the court's denial of the production of employee email addresses, arguing that email addresses are necessary for effective class notice. (Docket Entry No. 27). Helix responded. (Docket Entry No. 28).

In his motion for expedited discovery, Hernandez asked the court to order expedited discovery of contact information "for all electricians who worked for Helix during the last three years." (Docket Entry No. 24 at 15). Hernandez sought, "in both printed hardcopy and computer

1

readable format," the following information about individuals who worked as Helix HV electricians in the last three years:

> (1) Full names;
> (2) Email address;
> (3) Last known mailing addresses;
> (4) Social Security numbers;
> (5) All known telephone numbers;
> (6) Dates of employment;
> (7) Location(s) of employment; and
> (8) Nature of employment.

(Docket Entry No. 24-8 at 2). Hernandez did not detail why all this information was necessary. The court granted the motion, "but only as to the names, current or last-known mailing addresses, telephone numbers, and dates of employment of HV electricians working for Helix in the last three years." The court concluded that "[t]he requests for social-security numbers, email addresses, locations of employment, and nature of employment are overbroad and unsupported by the current record." (*Id.* (citing *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 521–22 (E.D.N.Y. 2011); *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011))).

Hernandez argues that it is necessary to send the class notice through email in addition to first-class mail because the putative class members are offshore workers. (Docket Entry No. 27 at 2). He argues that prompt notification of the class is important to protect FLSA rights in light of the statute of limitations; offshore workers cannot pick up their mail for long periods; and email is the most effective way to communicate with offshore workers. (*Id.* at 3).

Helix opposes the motion, arguing that most of the cases on this issue conclude that notice through first-class mail alone is sufficient. (Docket Entry 28 at 3). Helix asserts that Hernandez's original motion for conditional certification told the court that the putative class was made up of offshore workers, meaning that "the offshore nature of the putative class members has already been

2

considered by the [c]ourt." (*Id.*). Helix contends that Hernandez has not supported his argument with case law, nor has Hernandez addressed the argument that courts have not granted requests for email notice because it is "less controlled method[]." (*Id.* at 4). However, Helix qualifies its opposition to note that it is willing to give Hernandez the class members' email addresses "in the event that any notice is undeliverable," explaining that other courts have used this approach. (*Id.* at 5).

Based on the motion and response, this court's previous order, and the relevant law, this court grants in part and denies in part Hernandez's motion for reconsideration. The reasons are explained below.

I. **The Applicable Legal Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). The court

has "considerable discretion" in addressing a motion for reconsideration. *Templey*, 367 F.3d at 479. Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Id.*; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

**II.   Analysis**

Hernandez is correct that some district courts in the Fifth Circuit have ordered the production of email addresses to facilitate class notice under the FLSA. In *Prejean v. O'Brien's Response Management, Inc.*, No. 12-1045, 2013 WL 5960674 (E.D. La. Nov. 6, 2013), the court ordered production of email addresses for class notice to certain workers responding to the BP Deepwater Horizon spil,l because "production of e-mail addresses is not significantly more invasive of class members' privacy than is production of their home addresses" and because the combination of first-class mail and email notice "is both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA." *Id.* at *10. Other courts in the Fifth Circuit have similarly required the production of email addresses along with personal addresses for notice under the FLSA. *See, e.g.*, *Senegal v. Fairfield Indus., Inc.*, No. H-16-2113, 2017 WL 1134153, at *9 (S.D. Tex. Mar. 27, 2017); *Diaz v. Applied Machinery Corp.*, No. H-15-1282, 2016 WL 3568087, at *11 (S.D. Tex. Jun. 24, 2016); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 473 (S.D. Tex. 2012).

4

Other cases have concluded that if the plaintiff does not clearly explain why email addresses are necessary to give effective notice to putative class members, "names and addresses are sufficient to ensure that notice is received." *Garcia v. TWC Admin., LLC*, No. 14-CV-985, 2015 WL 1737932, at *4 (W.D. Tex. Apr. 16, 2015); *see, e.g.*, *Altiep v. Food Safety Net Servs., Ltd.*, No. 3:14–CV–00642–K, 2014 WL 4081213, at *6 (N.D. Tex. Aug.18, 2014); *Aguayo v. Bassam Odeh, Inc.*, No. 3:13–CV–2951–B, 2014 WL 737314, at *6 (N.D. Tex. Feb.26, 2014). Those courts typically permit plaintiffs to request the production of additional information "[f]or those putative class members whose notices are returned as undeliverable." *Id.* at *5. In *Moreno v. National Oilwell Varco, L.P.*, No. 4:17-cv-782, 2017 WL 5904909 (S.D. Tex. Nov. 29, 2017), for example, the court order the production of email addresses, social security numbers, and telephone numbers for class members because the plaintiff did not explain why notice through first-class mail would be insufficient. *Id.* at *8.

Hernandez agrees that while many courts have concluded that names and addresses are sufficient, (Docket Entry No. 27 at 3 (citing *Rivenbark v. JPMorgan Chase & Co.*, No. 4-17-cv-3786, 2018WL 6487985, at *3 n.1 (S.D. Tex. Dec. 10, 2018)), "the nature of the work performed by the putative class" makes it "extremely difficult for these current and former employees to receive regular mail." (*Id.* at 2). Putative class members often work in remote locations without access to mail delivered to their homes for long periods of time. (*Id.*). Hernandez argues that email would more efficiently ensure that these workers receive notice. (*Id.*). Additionally, he asserts that Helix agreed to provide email addresses of putative class members in another case involving offshore workers, *Hugee v. Helix Energy Solutions Group Inc.*, No. 17-cv-0199 (S.D. Tex. 28, 2018). (*Id.*). Hernandez argues that the putative class members in this case are similarly situated

5

to the *Hugee* workers, signaling that the production of email addresses is appropriate here as well. (*Id.* at 2–3).

Helix contends that Hernandez's original motion informed the court that the putative class members worked offshore, meaning that court has already considered "the offshore nature of the putative class members." (Docket Entry No. 28 at 3). Helix also disputes Hernandez's reliance on *Hugee* because "Helix expressly contested the production of email addresses in opposing conditional certification" in that case. (*Id.* at 2–3). "The fact that Helix was able to reach an agreement with [the *Hugee*] Plaintiffs' counsel . . . does not mean that Helix believes the use of e-mail notice is proper." (*Id.* at 3).

Helix is correct that Hernandez had the opportunity to discuss the need for email notice in his original motion. It is undisputed that the class is made up of individuals who frequently work offshore. Because courts are divided as to the appropriateness of ordering the production of email addresses and Hernandez could have raised his argument about the necessity of email notice in his original motion, granting his motion for reconsideration and ordering the production of all the putative class members' email addresses is inappropriate. Under Rule 59(e), "denial of motions to alter or amend a judgment" are favored, and Hernandez has not sufficiently shown why the court should depart from that default. *S. Constructors Grp., Inc.*, 2 F.3d at 611.

However, not before the court in its consideration of the original motion for class certification and expedited discovery was Helix's alternative proposal to provide email addresses if first-class mail notice is returned as undeliverable. (Docket Entry No. 28 at 5). Many courts have used this approach. *See, e.g.*, *Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *5; *Brown v. Body Soul Servs., Inc.*, No. 16-0824, 2017 WL 2198192, at *5 (W.D. La.

May 2, 2017); *Alford v. Freedom Oilfield Servs., LLC*, No. SA-16-CA-00331-DAE, 2016 WL 8673858, at *7 (W.D. Tex. Aug. 17, 2016). For those putative class members whose notices are returned as undeliverable, Helix must provide email addresses for those members within 7 of return.

**III. Conclusion**

Hernandez's motion for reconsideration is denied insofar as he seeks an order for the prompt production of the email addresses of all putative class members. It is granted insofar as the court orders Helix to produce email addresses of putative class members whose first-class mail notices are returned as undeliverable, within 7 days after the return.

SIGNED on January 8, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge