IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GERALD HERNANDEZ,**<br>**Individually and On Behalf of All**<br>**Others Similarly Situated** | § <br> § <br> § <br> § | |
| **PLAINTIFF,** | § <br> § | **CIVIL ACTION NO. 4:18-cv-01588** |
| V. | § <br> § | **JURY TRIAL DEMANDED** |
| **HELIX ENERGY SOLUTIONS**<br>**GROUP, INC.,** | § <br> § <br> § <br> § | |
| **DEFENDANT.** | § <br> § <br> § | |

**MOTION TO STAY PROCEEDINGS**
**PENDING DISPOSITION OF PETITION FOR WRIT OF CERTIORARI IN**
***HEWITT V. HELIX ENERGY SOLUTIONS GROUP, INC.***

Defendant Helix Energy Solutions Group, Inc. ("Defendant" or "Helix") files this Motion to Stay Proceedings pending resolution of Helix's petition for Writ of Certiorari to the United States Supreme Court in *Hewitt v. Helix Energy Solutions Group, Inc.*, ("*Hewitt*") and respectfully shows the Court the following.

### I.      INTRODUCTION

On October 6, 2021, the Court granted Plaintiffs' Motion to Reinstate due to the United States Court of Appeals for the Fifth Circuit's ("Fifth Circuit") ruling in *Hewitt.*  D.E. 67; D.E. 69. Helix is filing a petition for Writ of Certiorari to seek review of the *Hewitt* decision by the United States Supreme Court and respectfully seeks a stay in this case pending resolution of Helix's petition.

Helix is asking this Court for a short continuation of the stay previously ordered by this Court until the Supreme Court has an opportunity to consider this matter.  The Fifth Circuit's ruling in *Hewitt* was sharply divided.  The majority opinion in *Hewitt* held that employers who calculate

compensation on a daily-rate basis must also comply with 29 C.F.R. § 541.604(b) to satisfy the

salary basis test, even for employees who would otherwise qualify as exempt from the FLSA under

the "highly compensated employee" regulation codified in 29 C.F.R. § 541.601.  *Hewitt v. Helix,*

No. 19-20023, 2021 WL 4099598, at *4 (5th Cir. Sept. 9, 2021).  In the dissenting opinion, Judge

Edith Jones, Judge Priscilla Owen, Judge Jacques Wiener, Judge Jennifer Elrod, and Judge Leslie

Southwick strongly disagreed with the majority holding.  Further, the dissenting judges stated that

the Fifth Circuit's ruling creates a circuit split from rulings in two other federal circuit courts, the

United States Court of Appeals for the First Circuit and the Second Circuit.  *Id*. at *17; *see Litz v.*

*Saint Consulting Group, Inc.,* 772 F.3d 1, 5 (1st Cir. 2014); *Anani v. CVS RX Servs., Inc.*, 730 F.3d

146, 149 (2d Cir. 2013).

The Supreme Court's ruling on Helix's petition for Writ of Certiorari could have a material

impact on one of Defendant's defenses in this case.  For its petition, Helix has retained experienced

Supreme Court counsel (Paul D. Clement, former Solicitor General of the United States), who is

diligently preparing the petition at this time.  As a courtesy to the Supreme Court in its review, and

to promote judicial economy and the interests of justice, Helix respectfully asks this Court to stay

the case pending resolution of Helix's petition for Writ of Certiorari.  Helix has also moved for a

stay of the proceedings in the district court in *Hewitt,* and Judge Hoyt has granted Helix's motion.

## II. PROCEDURAL BACKGROUND

Plaintiff Gerald Hernandez ("Hernandez") filed this lawsuit against Helix, alleging that

Helix misclassified the Electrician job position as exempt and failed to pay him overtime

compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.*  D.E. 1.  The

Court has conditionally certified a class of current and former Electricians who worked for Helix.

*See* D.E. 26.  Four Opt-in Plaintiffs have joined the suit, Plaintiffs Christopher Smith ("Smith"),

George Sowell ("G. Sowell"), Larry Sowell ("L. Sowell") and Paul Flaharty ("Flaharty").  D.E. 3; D.E. 4; D.E. 20; D.E. 30.  Helix denies that it improperly paid Plaintiffs or violated the FLSA, and submits that Electricians are properly exempt under the seaman exemption, highly compensated exemption, and/or administrative exemption.  D.E. 12.

At the close of discovery, the Plaintiffs filed a Partial Motion for Summary Judgment.  D.E. 55.  On April 29, 2021, the Court issued an Order denying Plaintiffs' Motion for Partial Summary Judgment.  D.E. 64.  The Parties jointly moved to stay the proceeding's pending the *Hewitt* decision on May 14, 2021, and the Court granted their request on May 17, 2021.  D.E. 65; D.E. 66.  Helix now seeks to continue the stay in this case pending Helix's petition for Writ of Certiorari in *Hewitt*.

### III.   ARGUMENT AND AUTHORITIES

#### A.   The Court Has the Power to Stay This Action.

This Court has broad discretion to grant a stay.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Court's power to enter a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Landis*, 299 U.S. at 254).  In determining whether a stay is proper, courts consider the interests of the parties and the potential conservation of judicial resources.  *Id.; see, e.g., Spring Branch Indep. Sch. Dist. v. O.W.*, No. 16-cv-2643, CM/ECF D.E. 148 (S.D. Tex. Jan. 22, 2021) (granting opposed motion to stay pending whether the Supreme Court grants the petition for Writ of Certiorari); *Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *3 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on [defendant's] petition for a writ of certiorari.").

**B.**      **The Court Should Stay Proceedings in This Case in Light of Helix's Petition for Writ of Certiorari in *Hewitt***

*Hewitt* could have a material impact on one of Defendant's defenses in this case. The compensation structure in this case mirrors the one in *Hewitt*. The district court in *Hewitt* held that Helix's day rate payment satisfies the "salary basis test" of the FLSA as a matter of law. *Hewitt v. Helix Energy Sols. Group, Inc*, No. 4:17-CV-2545, 2018 WL 6725267, at *3 (S.D. Tex. Dec. 21, 2018). Similar to the Plaintiffs here, the plaintiff in *Hewitt* alleged that he was improperly paid on a day rate basis. The plaintiff in *Hewitt* was paid a day rate that varied from $963 to $1,341. *Id.* at *1. The district court held that the day rate satisfied the salary basis test because "plaintiff's predetermined daily rate was more than double the required weekly amount, and it remained constant regardless of the quantity or quality of his work." *Id.* at *3. As a result, the district court concluded that plaintiff was exempt from the overtime requirements of the FLSA. *Id.* at *4.

The plaintiff in *Hewitt* appealed Judge Hoyt's ruling to the Fifth Circuit, and after a rehearing en banc, the Fifth Circuit issued a sharply divided opinion on September 9, 2021, reversing the grant of summary judgment. *Hewitt*, 2021 WL 4099598. The majority opinion held that employers who calculate compensation on a daily-rate basis must also comply with 29 C.F.R. § 541.604(b) to satisfy the salary basis test, even for employees who would otherwise qualify as exempt from the FLSA under the "highly compensated employee" regulation codified in 29 C.F.R. § 541.601. *Id.* at *4. The dissent strongly disagreed with the majority's reading of 29 C.F.R. § 541.604(b) and found that the ruling created a circuit split with both the First Circuit and Second Circuit. *Id.* at *17.

Since the compensation structure for the Plaintiffs here mirrors the one in *Hewitt,* the Supreme Court's ultimate resolution of the questions in *Hewitt* will have an important impact on the legal standard applied to one of Defendant's defenses in this case. A stay of the proceedings

in this case would serve the interests of the parties and conserve judicial resources by avoiding unnecessary briefing and further proceedings given the Supreme Court may grant the petition for Writ of Certiorari.  *See Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015); *Cont'l Holdings, Inc. v. Liberty Mut. Ins. Co.*, No. 09-cv-00595, 2009 WL 3179257, at *1 (W.D. La. Sept. 29, 2009).

Courts have granted a stay in similar circumstances.  *See Spring Branch,* No. 16-cv-2643, CM/ECF D.E. 148 (granting opposed motion to stay pending whether the Supreme Court grants the petition for Writ of Certiorari); *St. Lucie County Fire Dist. Firefighters' Pension Tr. Fund v. Sw. Energy Co.,* 4:16-CV-3569, 2017 WL 3994938, at *1 (S.D. Tex. Sept. 5, 2017) ("[T]his Court believes the appropriate course of action is to stay the case until a decision by the United States Supreme Court."); *Inclusive Communities Project*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *3 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on [defendant's] petition for a writ of certiorari.").  Helix has also sought a stay at the district court in *Hewitt*, and Judge Hoyt has granted Helix's request for a stay.  *See* Exhibit A; Exhibit B.  The interests of the parties and the Court merit a stay.

## C.    A Stay Will Not Prejudice Either Party

A stay of the proceedings will not prejudice the Parties.  This case has been stayed since May of 2021 with no prejudice to the Plaintiffs.  Continuing to stay the case for the relatively short period during which Helix's petition for Writ of Certiorari to the Supreme Court will be pending will not prejudice either party.  Accordingly, a stay of the proceedings in this case is proper and warranted.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Helix Energy Solutions Group, Inc. respectfully requests that the Court grant Defendant's Motion to Stay Proceedings Pending Disposition of Petition for Writ of Certiorari in *Hewitt v. Helix Energy Solutions Group, Inc.*

Dated: October 25, 2021

OF COUNSEL:
**NORTON ROSE FULBRIGHT US LLP**
Kimberly F. Cheeseman
Federal I.D. No. 2254668
State Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com

Jesika Silva Blanco
Federal I.D. No. 2780677
State Bar No. 24098428
jesika.blanco@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

Respectfully submitted,

*/s/ Carter Crow*

M. Carter Crow
State Bar No. 05156500
Federal I.D. No. 15048

Norton Rose Fulbright US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:    (713) 651-5151
Facsimile:      (713) 651-5246
Email: carter.crow@nortonrosefulbright.com

*Attorney-in-Charge for Defendant*
*Helix Energy Solutions Group, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7, counsel for Defendant conferred with Plaintiffs' counsel on October 25, 2021, and counsel for Plaintiffs are opposed to the relief sought herein.

## CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 25, 2021.

Melissa Moore
Curt Hesse
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

_/s/ Kimberly Cheeseman_
Kimberly F. Cheeseman