# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. HEWITT, on behalf of himself and others similarly situated, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CIVIL ACTION NO. 4:17-cv-02545 |
| HELIX ENERGY SOLUTIONS GROUP, INC. AND HELIX WELL OPS, INC., | § § § § § | |
| DEFENDANTS. | § § § | |

**MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF DEFENDANTS' PETITION FOR WRIT OF CERTIORARI**

Defendants Helix Energy Solutions Group, Inc. and Helix Well Ops Inc. ("Helix") file this Motion to Stay Proceedings pending the resolution of Helix's petition for Writ of Certiorari to the United States Supreme Court in this matter.

## I.   INTRODUCTION

On December 21, 2018, this Court granted Defendants' Motion for Summary Judgment, finding that the Plaintiff Michael Hewitt's ("Hewitt") compensation calculated on a daily rate satisfied the "salary basis test" under the Fair Labor Standards Act ("FLSA"). D.E. 43. Hewitt appealed this Court's ruling to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") on January 8, 2019. D.E. 44. On appeal, after a rehearing en banc, the Fifth Circuit issued a sharply divided opinion on September 9, 2021, reversing the grant of summary judgment. *Hewitt v. Helix*, No. 19-20023, 2021 WL 4099598 (5th Cir. Sept. 9, 2021). The majority opinion held that employers who calculate compensation on a daily-rate basis must also comply with 29 C.F.R. § 541.604(b) to satisfy the salary basis test, even for employees who would otherwise

qualify as exempt from the FLSA under the "highly compensated employee" regulation codified in 29 C.F.R. § 541.601. *Id*. at *4.

In the dissenting opinion, judges Judge Edith Jones, Judge Priscilla Owen, Judge Jacques Wiener, Judge Jennifer Elrod, and Judge Leslie Southwick strongly disagreed with the majority holding. Further, the dissenting judges stated that the Fifth Circuit's ruling creates a circuit split from rulings in two other federal circuit courts, the United States Court of Appeals for the First Circuit and the Second Circuit. *Id*. at *17; see Litz v. Saint Consulting Group, Inc.,* 772 F.3d 1, 5 (1st Cir. 2014); *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146, 149 (2d Cir. 2013).

Helix is filing a petition for Writ of Certiorari to seek review of the decision by the United States Supreme Court. For its petition, Helix has retained experienced Supreme Court counsel (Paul D. Clement, former Solicitor General of the United States), who is diligently preparing the petition at this time. As a courtesy to the Supreme Court in its review, and to promote judicial economy and the interests of justice, Helix respectfully asks this Court to stay the case pending resolution of Helix's petition for Writ of Certiorari.

## II. ARGUMENT AND AUTHORITIES

### A. The Court Has the Power to Stay This Action

This Court has broad discretion to grant a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court's power to enter a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Landis*, 299 U.S. at 254). In determining whether a stay is proper, courts consider the interests of the parties and the potential conservation of judicial resources. *Id.; see, e.g., Spring Branch Indep. Sch. Dist. v. O.W.*, No. 16-cv-2643, CM/ECF D.E. 148 (S.D. Tex. Jan. 22, 2021) (granting opposed motion to stay pending whether the Supreme Court grants the petition for Writ

of Certiorari); *Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *3 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on [defendant's] petition for a writ of certiorari.").

### B. A Stay Will Avoid Prejudice to Either Party

This case has been effectively stayed pending Hewitt's appeal to the Fifth Circuit. Continuing to stay the case for the relatively short period during which Helix's petition for Writ of Certiorari to the Supreme Court will be pending will not prejudice either party. Not staying the case could result in prejudice to Helix, as it would be submitting its arguments for review to the Supreme Court while simultaneously defending itself in this Court based on a ruling the Supreme Court has yet to review. Accordingly, a stay of the proceedings in this case is proper and warranted.

### C. A Stay Will Conserve Judicial Resources

Helix's appeal to the Supreme Court will specifically focus on the applicability of § 541.604(b) in this case to the highly compensated employee regulation, which is a key legal issue in this case. The Fifth Circuit's holding on the application § 541.604(b) in this case creates a circuit split with two other federal circuits. *Compare Hewitt v. Helix Energy Sols. Group, Inc.*, No. 19-20023, 2021 WL 4099598, at *7 (5th Cir. Sept. 9, 2021); *with Litz,* 772 F.3d at 5; *Anani*, 730 F.3d at 149. If the Supreme Court determines that § 541.604(b) does not apply in this case, Hewitt's compensation will satisfy the FLSA's salary basis test and Hewitt will be exempt from overtime.

A stay of the proceedings in this case would serve the interests of the parties and conserve judicial resources by avoiding unnecessary briefing and further proceedings given the Supreme Court may grant the petition for Writ of Certiorari. *See Greco,* 116 F. Supp. 3d at 761; *Cont'l*

*Holdings, Inc. v. Liberty Mut. Ins. Co.*, No. 09-cv-00595, 2009 WL 3179257, at *1 (W.D. La. Sept. 29, 2009).

Courts have granted a stay in similar circumstances. *See Spring Branch,* No. 16-cv-2643, CM/ECF D.E. 148 (granting opposed motion to stay pending whether the Supreme Court grants the petition for Writ of Certiorari); *St. Lucie County Fire Dist. Firefighters' Pension Tr. Fund v. Sw. Energy Co.,* 4:16-CV-3569, 2017 WL 3994938, at *1 (S.D. Tex. Sept. 5, 2017) ("[T]his Court believes the appropriate course of action is to stay the case until a decision by the United States Supreme Court."); *Inclusive Communities Project*, No. 3:08-CV-0546-D, 2014 WL 2815683, at *3 (N.D. Tex. June 23, 2014) ("The court holds in its discretion that the proceedings on remand should be stayed pending resolution of the Supreme Court's decision on [defendant's] petition for a writ of certiorari."). The interests of the parties and the Court merit a stay.

### III. CONCLUSION

For the foregoing reasons, Defendants Helix Energy Solutions Group, Inc. and Helix Well Ops Inc. respectfully request that the Court grant Defendants' Motion to Stay Proceedings Pending Disposition of Defendants' Petition for Writ of Certiorari.

Dated: October 1, 2021

OF COUNSEL:

Kimberly Cheeseman
State Bar No. 24082809
Federal I.D. No. 2254668
E-mail: kimberly.cheeseman@
nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
Federal I.D. No. 2780677
E-mail:
jesika.blanco@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: 713.651.5112
Facsimile: 713.651.5246

Respectfully submitted,

*/s/ Carter Crow*
    M. Carter Crow
    State Bar No. 05156500
    Federal I.D. No. 15048

NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: carter.crow@nortonrosefulbright.com

*Attorney-in-Charge for Defendants*

103145510.1     5

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7, counsel for Defendants conferred with Plaintiffs' counsel on October 1, 2021, and counsel for Plaintiffs said they are opposed to the relief sought herein.

## CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on October 1, 2021.

Edwin Sullivan
Mark J. Oberti
OBERTI SULLIVAN LLP
712 Main Street, Suite 900
Houston, Texas 77002
Telephone: (713) 401-3557
Fasmicile: (713) 401-3547
ed@osattorneys.com
mark@osattorneys.com

>  */s/ Kimberly Cheeseman*
> Kimberly F. Cheeseman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. HEWITT, on behalf of himself and others similarly situated, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CIVIL ACTION NO. 4:17-cv-02545 |
| HELIX ENERGY SOLUTIONS GROUP, INC. AND HELIX WELL OPS, INC., | § § § § | |
| DEFENDANTS. | § § § | |

**ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF DEFENDANTS' PETITION FOR WRIT OF CERTIORARI**

The Court, having considered Defendants Helix Energy Solutions Group, Inc. and Helix Well Ops Inc.'s Motion to Stay Proceedings Pending Disposition of Defendants' Petition for Writ of Certiorari, is of the opinion that good cause exists; therefore it is hereby

ORDERED that all proceedings are stayed until the earlier of: (1) the Supreme Court's denial of the petition for a writ of certiorari or (2) if the Supreme Court grants the petition, its decision on the case.

SIGNED on the _____ day of _____, 2021.

_____
Judge Kenneth M. Hoyt
U.S. District Court Judge

103145510.1

7